IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
HARVEY HYDE,                      )
                                  )
              Petitioner,         )     4:06CV3107
                                  )
     v.                           )
                                  )
ELLEN BROKOFSKY, NEBRASKA         )     MEMORANDUM OPINION
PROBATION DEPARTMENT and JON      )
BRUNING, ATTORNEY GENERAL OF      )
THE STATE OF NEBRASKA             )
                                  )
              Respondents.        )
_____ )
```

This matter is before the Court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Filing No. 1) filed by the petitioner, Harvey Hyde.

Title 28, U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws . . . of the United States." Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the

>     respondent to file an answer,
>     motion, or other response within a
>     fixed time, or to take other action
>     the judge may order.  In every
>     case, the clerk must serve a copy
>     of the petition and any order on
>     the respondent and on the attorney
>     general or other appropriate
>     officer of the state involved.

The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Lancaster County, Nebraska, on or about September 29, 2004, for possession of methamphetamine.  On initial review of the § 2254 petition, the Court finds that summary dismissal under Rule 4 of the *§ 2254 Rules* is required because the defendant has yet to exhaust his state court remedies.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for

-2-

federal habeas relief.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief.  *Id.* at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a discretionary petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005).  Because the petitioner has yet to petition the Nebraska Supreme Court for review, the Court finds that summary dismissal under the *§ 2254 Rules* is warranted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 21st day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court