IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
HARVEY HYDE,                      )
                                  )
              Petitioner,         )         4:06CV3107
                                  )
     v.                           )
                                  )
ELLEN BROKOFSKY, NEBRASKA         )         ORDER
PROBATION DEPARTMENT and JON      )
BRUNING, ATTORNEY GENERAL OF      )
THE STATE OF NEBRASKA             )
                                  )
              Respondents.        )
_____ )
```

This matter is before the Court on a petition for reconsideration filed by the petitioner, Harvey Hyde (Filing No. 7). Hyde seeks an order reinstating his petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") (Filing No. 1). The Court dismissed Hyde's § 2254 petition on June 21, 2006, for failure to exhaust state court remedies (Filing Nos. 5 & 6). Hyde thereafter filed the instant petition for reconsideration. Hyde's counsel represents that he mistakenly neglected to mention in the § 2254 petition that Hyde had indeed filed a petition for further review with the Nebraska Supreme Court and that such petition was denied. Hyde's counsel, therefore, submits to the Court that Hyde has exhausted his state court remedies and that the Court should reinstate his § 2254 petition. For reasons set forth below, the Court finds that Hyde's petition to reinstate should be granted.

Title 28, U.S.C. § 2254, affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws . . . of the United States." Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petitioner alleges violations of his constitutional rights in connection with his conviction in the District Court of Lancaster County, Nebraska, on or about September 29, 2004, for possession of methamphetamine. On initial review of the § 2254 petition, the Court provisionally finds that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the

respondents shall answer or otherwise respond to the § 2254 petition.  Accordingly,

IT IS ORDERED:

1)  Hyde's petition for reconsideration is granted. (Filing No. 7).

2) Hyde's § 2254 petition (Filing No. 1) is reinstated.

3) That the Clerk of Court shall mail copies of the § 2254 petition to the respondents and to the Nebraska Attorney General by regular first-class mail.

4) That, by July 17, 2006, the respondents shall file an answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondents may, in their discretion, limit their response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b).

5) That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the Court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records.

6) That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with,

-3-

or delivered to, the Court at the time the Designation of Relevant State Court Records is filed.

       7) That if the respondents elect to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

       8) That if the respondents file a motion for summary judgment, the petitioner shall have twenty days thereafter to respond.

       DATED this 26th day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court