IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARVEY HYDE, | ) | |
| | ) | |
| Petitioner, | ) | 4:06CV3107 |
| | ) | |
| v. | ) | |
| | ) | |
| ELLEN BROKOFSKY, NEBRASKA | ) | MEMORANDUM OPINION |
| PROBATION DEPARTMENT and JON | ) | |
| BRUNING, ATTORNEY GENERAL OF | ) | |
| THE STATE OF NEBRASKA | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the Court on a motion for certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253 (Filing No. 21) filed by the petitioner, Harvey Hyde ("Hyde").

A COA can only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Hyde alleges two constitutional violations. He claims: (1) his Fourteenth Amendment right to due process was violated by the state's bad faith destruction of syringes which he asserts are potentially exculpatory; and (2) his Fourth Amendment rights were violated when the trial court denied his motion to suppress

evidence obtained pursuant to a search and seizure of his vehicle incident to his arrest.

Fourteenth Amendment Claim

Evidence is considered material to the defendant's guilt when it "possesses an exculpatory value that was apparent before the evidence was destroyed and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984)(citations omitted). If the evidence does not possess apparent exculpatory value before its destruction, however, it may be considered only "potentially useful" evidence; and in that case, due process will not be implicated unless the defendant shows that the police acted in bad faith in failing to preserve it. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). "Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id*.

Here, the syringes that were destroyed did not possess apparent exculpatory value before they were destroyed because the contents had not yet been tested. They are only "potentially useful." Thus, Hyde must demonstrate bad faith on the part of the police in order to state a cognizable claim for a due process violation. This he cannot do because the officer was acting in accordance with departmental policy in disposing of the syringes.

-2-

Without a showing of bad faith, Hyde fails to make a substantial showing of a denial of his Fourteenth Amendment right and the Court will deny Hyde's motion for a COA as to this claim.

Fourth Amendment Claim

Federal courts are generally barred from reviewing Fourth Amendment claims on habeas review.  *Stone v. Powell*, 428 U.S. 465, 494 (1976).  In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone*, 428 U.S. at 494.

Here, Hyde was able to raise his Fourth Amendment claim in State court.  First, Hyde raised this claim by filing a motion to suppress.  A pre-trial hearing was held on the motion, after which the trial court entered an order denying the motion to suppress.  After trial, Hyde raised this claim again in his direct appeal to the Nebraska Court of Appeals.  The Nebraska Court of Appeals rejected Hyde's claim.  Hyde then filed a petition for further review to the Nebraska Supreme Court which denied the petition.  Thus, the state provided Hyde with a procedure by which to raise his Fourth Amendment claim, a procedure that Hyde utilized.  Therefore, under *Stone*, Hyde's claim for habeas relief is barred.

Having reviewed both of Hyde's claims, the Court finds that a certificate of appealability should not issue because Hyde has failed to make the requisite "substantial showing of the denial of a constitutional right." Therefore, the Court will deny Hyde's motion. A separate order will be ordered in accordance with this memorandum opinion.

DATED this 5th day of April, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court